NOTICE OF APPEAL TO A DISTRICT COURT OR
BANKRUPTCY APPELLATE PANEL FROM A
JUDGMENT OF A BANKRUPTCY COURT
ENTERED IN AN ADVERSARY
PROCEEDING

KC FILED
DEC 20 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: CASE NO.: 92 B 22111

Dean E. Cochran,        Debtor-Appellant,         )
                                                  )    CASE NO:
                                                  )    07C 6974
                                                  )
Debtor-In-Possession                              )
                                                  )    William Neary
                                                  )    U.S. Trustee
Chapter 7                                         )
                                                  )    JUDGE:
                                                  )    DER-YEGHIAYAN
SS. No.: 0949                                     )

**EMERGENCY MOTION   B.R. 8011 (d),**

**MOTION TO VACATE ORDER OF COURT DATED
DECEMBER 10th, 2007  B.R. 7005, B.R. 1018**

Pursuant to B.R. 1018, and B.R. 7005, comes Debtor, Dean E. Cochran, requesting an Order of Court Vacating the Order, Dated December 10th, 2007, for Debtor's Verified Emergency Motion For Post-Petition Financing, which had not been filed until the 11th of December, as there must have been a Court error, of the Date, in the determination, or response of Debtor's Motion, which had not been filed until the following day.

1. Pursuant to Section 364 (d), (1), of the Bankruptcy Code and rule 4001 ©, Debtor-In-Possession, hereby moves the Court to enter the Order attached to the Original Motion, listed as Exhibit A (Financing Order), and to grant such further relief as the Court deems appropriate.

1

2. That the Debtor, further requests an Emergency and Expedited Decision on this Motion, and that the attached (Financing Order), be entered without the need to give prior notice other than to secured creditors and the U.S. Trustee.

3. That this Court has Jurisdiction of this matter under 28 U.S.C. Sec. 1334. This is a Core Proceeding under 28 U.S.C. Sec. 157 (b) (2) (D).

4. That the Statement made on Statement 3., of Debtor's Original Motion, is true to my belief and knowledge.

5. The Lender's Judicial Lien, totals approximately, $700 Million Dollars, in outstanding principal and interest as of the Petition date. (Original Petition For Turnover Of Certain Property, etc.), Dated November 9th, 2007, by Debtor).

6. Attached as (Exhibit A), to Debtor's Motion For Post-Petition Financing, is the Debtor's Financing Order, as the Debtor's cash flow budget. The Budget reflects only those expenditures which the Debtor believes must be made to continue the Debtor's operations and maintain the going concern values of the Debtor's estate.

7. The Debtor does not have sufficient working capital to meet the projected expenditures set forth in the Budget without the ability to obtain Post-Petition Financing as provided for in the attached Financing Order.

8. In reference to 11 U.S.C.A. Sec. 364 ©, which states", If the Trustee is unable to obtain Unsecured Credit allowable under section 503 (b) (1) of this title as an administrative expense, the Court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt__(c)(2) Secured by a junior lien on property of the estate that is subject to a Lien; or (c)(3) Secured by a junior Lien on property of the Estate that is subject to a Lien.

2

9. The Debtor, served a copy of the Motion to the Trustee, on December 11th, 2007, at the address of the U.S. Trustee's Office. On December 14th, 2007, the Debtor, made a request to the Trustee as pertaining the arrangement of the Financing, and the Receptionist, at the Trustee's Office, stated that the U.S. Trustee, had been out of town, that the documents, had been forwarded to an Attorney for the Trustee's Office, and that the Attorney, had decided not to execute the request of the Debtor.

10. It is the responsibility of the Court, that if the Trustee cannot arrange the Financing, then it is the responsibility of the Court, or the Court may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if **(d)(1),(A)** the trustee is unable to obtain such credit otherwise; and **(d) (1)(B)** there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

11. The Post-Petition Financing provided for in the Attached Financing Order is necessary to avoid immediate and irreparable harm to the Debtor's Estate.

**WHEREFORE**, the Debtor prays the Court to conduct an Expedited hearing on this Motion, to enter the attached Financing Order, as attached to Original Motion, and to grant such relief as may be appropriate.

12/20/2007

Respectfully Submitted,

*Dean E. Cochran*

William Neary
U.S. Trustee
227 West Monroe
Suite 3350
Chicago, Illinois  60601

Dean E. Cochran/ Debtor-Appellant
9335 South Merrill Avenue
Chicago, Illinois  60617
(773) 731-9302

3

## CERTIFICATE OF SERVICE

**SERVICE OF THE FOREGOING, EMERGENCY MOTION, WAS HAD BY DELIVERING A TRUE COPY THEREOF**, to the Clerk of Court's Office of the U.S. Bankruptcy Court, Dirksen Federal Courthouse, 219 South Dearborn Street, Room 713, Chicago, Illinois  60604, and to William Neary, U.S. Trustee, 227 West Monroe, Suite 3350, Chicago, Illinois  60601, all on this 20th day of December, 2007, by Debtor, Dean E. Cochran.

12/20/2007

William Neary
U.S. Trustee
227 West Monroe
Suite 3350
Chicago, Illinois  60601
(312) 886-3320

Dean E. Cochran/ Debtor-Appellant
9335 South Merrill Avenue
Chicago, Illinois  60617
(773) 731-9302

4

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLNOIS**
**EASTERN DIVISION**

**COUNTY OF COOK:**

**STATE OF ILLINOIS:**

**CITY OF CHICAGO:**

### AFFIDAVIT

1. The Undersigned, Dean E. Cochran, being duly Sworn, states under oath that He is the Debtor-in-Possession, that he has knowledge of the representations set forth above, and that the representations are true and correct.

2. That the Debtor-In-Possession, suggests that if the Motion is not granted, as requested, Debtor, will suffer irreparable harm, if he is not granted the render that he seeks.

3. That he will not be able to continue the conclusion of the Notice Of Appeal, as he has minimum assets at his disposal, and he will lose a large portion of his Estate, to others undeserving, of his assets, if the Motion should be not be granted.

4. Such further relief as the Court deems appropriate.

12/20/2007

Dean E. Cochran/ Debtor-Appellant

5

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | | |
|---|---|---|---|
| Honorable | Carol A. Doyle | Hearing Date | December 10, 2007 |
| Bankruptcy Case No. | 92 B 22111 | Adversary No. | |
| Title of Case | In Re Dean E. Cochran, Debtor | | |

**Brief Statement of Motion:** Motion Seeking Leave to File Pursuant to Order of Judge Erwin I. Katz (Debtor's Verified Emergency Motion for Post-Petition Financing)

**Names and Addresses of moving counsel:**

**Representing:**

## ORDER

IT IS ORDERED that debtor's Motion Seeking Leave to File Pursuant to Order of Judge Erwin I. Katz is denied. Debtor seeks to file a verified emergency motion for post-petition financing. The Debtor filed his petition 15 years ago, in 1992. Based on the Debtor's repeated filing of request to reopen the case and documents requesting relief from the court in this closed proceeding, on December 23, 1998, Judge Katz entered an order enjoining the Debtor, Dean Cochran, or anyone acting on his behalf, from filing any legal documents in this case without obtaining leave of court by the procedures specified in the order.

The Debtor now seeks to file a verified emergency motion for post-petition financing. It raises no issue that has any potential merit and is frivolous on its face. The motion seeking leave is denied.