UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN 04 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN RE: B.C.- CASE NO.: 92 B 22111

| | | |
|---|---|---|
| Dean E. Cochran, | Debtor-Appellant, | ) |
| | | ) |
| | | ) |
| | | ) D.C. JUDGE: Samuel Der-Yeghiayan |
| | | ) |
| | | ) |
| | | ) **EX PARTE** |
| Debtor-In-Possession | | ) |
| | | ) |
| | | ) U.S. Trustee: William Neary |
| | | ) |
| Chapter 7 | | ) |
| | | ) |
| | | ) **D.C. Case No.: 07 CV 6974** |
| | | ) |
| | | ) |
| SS. No.: 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 | | ) |

## NOTICE OF MOTION

### IN RE: CLERK OF COURT OF THE U.S. DISTRICT COURT

**PLEASE TAKE NOTICE**, that on **Tuesday, January 8th, 2008**, at approximately, 9:00 A.M., C.S.T., before the Honorable Samuel Der-Yeghiayan, Courtroom No, 1903, Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, the Debtor, Dean E. Cochran, will file a Motion To Vacate Order of Court Dated December 10th, 2007, for Debtor's Verified Emergency Motion for Post-Petition Financing, to the Bankruptcy Appellate Panel, in reference to specific statutes and Rules of Court in regard to the above-stated Motion, filed with the Clerk Of Court of the U.S. Bankruptcy Court, stated herein.

1/4/2008
William Neary
U.S. Trustee
227 West Monroe
Suite 3350
Chicago, Illinois 60601
(312) 886-3320

Dean E. Cochran/ Debtor-Appellant
9335 South Merrill Avenue
Chicago, Illinois 60616
(773) 731-9302

1

## CERTIFICATE OF SERVICE

**SERVICE OF THE FOREGOING, NOTICE OF MOTION**, was had by delivering a true copy thereof, to the address of the Clerk of Court of the U.S. District Court, Dirksen Federal Courthouse, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, and the address of the U.S. Trustee, William Neary, 227 West Monroe, Suite 3350, Chicago, Illinois 60601, all on this 4th day of, January, 2008, by Debtor-Appellant, Dean E. Cochran.

1/4/2008
William Neary
U.S. Trustee
227 West Monroe
Suite 227
Chicago, Illinois 60601
(312) 886-3320

Dean E. Cochran/ Debtor-Appellant
9335 South Merrill Avenue
Chicago, Illinois 60617
(773) 731-9302

2

NOTICE OF APPEAL TO A DISTRICT COURT OR
BANKRUPTCY APPELLATE PANEL FROM A
JUDGMENT OF A BANKRUPTCY COURT
ENTERED IN AN ADVERSARY
PROCEEDING

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: CASE NO.: 92 B 22111

| | | |
|---|---|---|
| Dean E. Cochran, Debtor-Appellant, | ) ) ) | |
| | ) | Chief Judge: Carol A. Doyle |
| Debtor-In-Possession | ) ) ) ) | William Neary U.S. Trustee |
| Chapter 7 | ) ) | |
| SS. No.: 0949 | ) ) | |

RECEIVED
DEC 2 0 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

**EMERGENCY MOTION    B.R. 8011 (d).**

**MOTION TO VACATE ORDER OF COURT DATED
DECEMBER 10th, 2007  B.R. 7005, B.R. 1018**

Pursuant to B.R. 1018, and B.R. 7005, comes Debtor, Dean E. Cochran, requesting an Order of Court Vacating the Order, Dated December 10th, 2007, for Debtor's Verified Emergency Motion For Post-Petition Financing, which had not been filed until the 11th of December, as there must have been a Court error, of the Date, in the determination, or response of Debtor's Motion, which had not been filed until the following day.

1. Pursuant to Section 364 (d), (1), of the Bankruptcy Code and rule 4001 ©, Debtor-In-Possession, hereby moves the Court to enter the Order attached to the Original Motion, listed as Exhibit A (Financing Order), and to grant such further relief as the Court deems appropriate.

1

2. That the Debtor, further requests an Emergency and Expedited Decision on this Motion, and that the attached (Financing Order), be entered without the need to give prior notice other than to secured creditors and the U.S. Trustee.

3. That this Court has Jurisdiction of this matter under 28 U.S.C. Sec. 1334. This is a Core Proceeding under 28 U.S.C. Sec. 157 (b) (2) (D).

4. That the Statement made on Statement 3., of Debtor's Original Motion, is true to my belief and knowledge.

5. The Lender's Judicial Lien, totals approximately, $700 Million Dollars, in outstanding principal and interest as of the Petition date. (Original Petition For Turnover Of Certain Property, etc.), Dated November 9th, 2007, by Debtor).

6. Attached as (Exhibit A), to Debtor's Motion For Post-Petition Financing, is the Debtor's Financing Order, as the Debtor's cash flow budget. The Budget reflects only those expenditures which the Debtor believes must be made to continue the Debtor's operations and maintain the going concern values of the Debtor's estate.

7. The Debtor does not have sufficient working capital to meet the projected expenditures set forth in the Budget without the ability to obtain Post-Petition Financing as provided for in the attached Financing Order.

8. In reference to 11 U.S.C.A. Sec. 364 ©, which states", If the Trustee is unable to obtain Unsecured Credit allowable under section 503 (b) (1) of this title as an administrative expense, the Court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt__(c)(2) Secured by a junior lien on property of the estate that is subject to a Lien; or (c)(3) Secured by a junior Lien on property of the Estate that is subject to a Lien.

2

9.  The Debtor, served a copy of the Motion to the Trustee, on December 11th, 2007, at the address of the U.S. Trustee's Office. On December 14th, 2007, the Debtor, made a request to the Trustee as pertaining the arrangement of the Financing, and the Receptionist, at the Trustee's Office, stated that the U.S. Trustee, had been out of town, that the documents, had been forwarded to an Attorney for the Trustee's Office, and that the Attorney, had decided not to execute the request of the Debtor.

10. It is the responsibility of the Court, that if the Trustee cannot arrange the Financing, then it is the responsibility of the Court, or the Court may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if **(d)(1),(A)** the trustee is unable to obtain such credit otherwise; and **(d) (1)(B)** there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

11. The Post-Petition Financing provided for in the Attached Financing Order is necessary to avoid immediate and irreparable harm to the Debtor's Estate.

        **WHEREFORE,** the Debtor prays the Court to conduct an Expedited hearing on this Motion, to enter the attached Financing Order, as attached to Original Motion, and to grant such relief as may be appropriate.

12/20/2007

Respectfully Submitted,

*/s/ Dean E. Cochran*

William Neary  
U.S. Trustee  
227 West Monroe  
Suite 3350  
Chicago, Illinois  60601

Dean E. Cochran/ Debtor-Appellant  
9335 South Merrill Avenue  
Chicago, Illinois  60617  
(773) 731-9302

3

## CERTIFICATE OF SERVICE

**SERVICE OF THE FOREGOING, EMERGENCY MOTION, WAS HAD BY DELIVERING A TRUE COPY THEREOF**, to the Clerk of Court's Office of the U.S. Bankruptcy Court, Dirksen Federal Courthouse, 219 South Dearborn Street, Room 713, Chicago, Illinois 60604, and to William Neary, U.S. Trustee, 227 West Monroe, Suite 3350, Chicago, Illinois 60601, all on this 20th day of December, 2007, by Debtor, Dean E. Cochran.

12/20/2007

William Neary
U.S. Trustee
227 West Monroe
Suite 3350
Chicago, Illinois 60601
(312) 886-3320

Dean E. Cochran/ Debtor-Appellant
9335 South Merrill Avenue
Chicago, Illinois 60617
(773) 731-9302

4

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLNOIS
EASTERN DIVISION

**COUNTY OF COOK:**                                     **STATE OF ILLINOIS:**

**CITY OF CHICAGO:**

### AFFIDAVIT

1. The Undersigned, Dean E. Cochran, being duly Sworn, states under oath that He is the Debtor-in-Possession, that he has knowledge of the representations set forth above, and that the representations are true and correct.

2. That the Debtor-In-Possession, suggests that if the Motion is not granted, as requested, Debtor, will suffer irreparable harm, if he is not granted the render that he seeks.

3. That he will not be able to continue the conclusion of the Notice Of Appeal, as he has minimum assets at his disposal, and he will lose a large portion of his Estate, to others undeserving, of his assets, if the Motion should be not be granted.

4. Such further relief as the Court deems appropriate.

12/20/2007                                                  _____

                                                            Dean E. Cochran/ Debtor-Appellant

5

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| Honorable | Carol A. Doyle | Hearing Date | December 10, 2007 |
| Bankruptcy Case No. | 92 B 22111 | Adversary No. | |
| Title of Case | In Re Dean E. Cochran, Debtor | | |

**Brief Statement of Motion:** Motion Seeking Leave to File Pursuant to Order of Judge Erwin I. Katz (Debtor's Verified Emergency Motion for Post-Petition Financing)

**Names and Addresses of moving counsel:**

**Representing:**

## ORDER

IT IS ORDERED that debtor's Motion Seeking Leave to File Pursuant to Order of Judge Erwin I. Katz is denied. Debtor seeks to file a verified emergency motion for post-petition financing. The Debtor filed his petition 15 years ago, in 1992. Based on the Debtor's repeated filing of request to reopen the case and documents requesting relief from the court in this closed proceeding, on December 23, 1998, Judge Katz entered an order enjoining the Debtor, Dean Cochran, or anyone acting on his behalf, from filing any legal documents in this case without obtaining leave of court by the procedures specified in the order.

The Debtor now seeks to file a verified emergency motion for post-petition financing. It raises no issue that has any potential merit and is frivolous on its face. The motion seeking leave is denied.

*[Signed] Carol A. Doyle*

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:     CASE NO.: 92 B 22111

Dean E. Cochran,                         )
                                         )
                                         )
                                         )
                                         )
**Debtor-In-Possession**                 )   Chief Judge: Carol A. Doyle
                                         )   EXPEDITED HEARING
                                         )   REQUESTED
                                         )
                                         )
                                         )
                                         )   William Neary
                                         )   U.S. Trustee
                                         )
                                         )
                                         )
                                         )
SS. No.: 0949                            )
                                         )

*RECEIVED*
*UNITED STATES BANKRUPTCY COURT*
*NORTHERN DISTRICT OF ILLINOIS*
*DEC 11 2007*
*KENNETH S. GARDNER, CLERK*
*PUBLIC SERVICE COUNTER*

## "MOTION SEEKING LEAVE TO FILE PURSUANT TO ORDER OF JUDGE ERWIN I. KATZ"

### DEBTOR'S VERIFIED EMERGENCY MOTION FOR POST-PETITION FINANCING
### 11 U.S.C.A. Sec. 364 – Obtaining Credit (a), (c), (2), - (d), (2), (e).

1. Pursuant to Section 354 (d) (1) of the Bankruptcy Code and Rule 4001 © of the Federal Rules of Bankruptcy Procedure, Debtor-In –Possession (the "Debtor"), hereby moves the Court to enter the Order attached hereto as Exhibit 1 (the "Financing order") and to grant such further relief as the Court deems appropriate.

1

2. The Debtor further requests an Emergency and Expedited Decision on this Motion, and that the attached Financing Order be entered without the need to give prior notice other than to secured creditors and the U.S. Trustee.

3. In support of this Motion, the Debtor represents to the Court as follows:

1. The Debtor commenced this case by filing a Petition for relief under Chapter 11 of the Bankruptcy Code on July 19th, 2007, (the "Petition Date"). The debtor is a Debtor-In-Possession.

2. This Court has Jurisdiction of this matter under 28 U.S.C. Sec. 1334. This is a Core Proceeding under 28 U.S.C. Sec. 157 (b) (2) (D).

3. The J.P. Morgan Chase Bank, (the Lender), has a Judicial and or Police Lien against the Debtor, arising from deposits, and Negotiable Instruments, that were deposited at the above-stated bank, at specific dates, that are unavailable, to Debtor, ("stated on Debtor's Complaint For Turnover Of Property From A Certain Defendant, filed with Bankruptcy Court on December 7th, 2007") from a Third-Party, prior to the Petition Date pursuant to the following instruments and Documents, hereto attached.

4. The Lender's Judicial Lien, totals approximately $700,000,000.00 Dollars, ($700 Million), in outstanding principal and interest as of the Petition Date,

5. The Lender's Claim is secured by security interests in and Liens on a large percent, of the Debtor's property, and therefore on a percentage of property of Debtor's Bankruptcy Estate, including but not limited to first priority security interests in all presently existing Cash, and Accounts Receivable, of the Bankruptcy Estate, and the proceeds thereof. (the "Pre-Petition Collateral").

6. All presently existing Cash of the Debtor, all cash and cash equivalent proceeds of the pre-Petition Collateral (which also constitute Pre-Petition Collateral), and all cash and cash equivalent proceeds of the Liens and Security Interests to be granted under the Attached Financing Order, constitute cash

2

Collateral securing the Claims of the Lender within the meaning of Section 353 of the Bankruptcy Code (collectively, "Cash Collateral").

7. Attached as Exhibit A to the attached Financing Order is the Debtor's cash flow budget (the "Budget"), for the period from the Petition Date, December 7th, 2007, through, January 25th, 2007 (the "Interim Financing Period"). The Budget reflects only those expenditures which the Debtor believes must be made to continue the Debtor's operations and maintain the going concern values of the Debtor's estate. Without the ability to make these expenditures. The Debtor would have no alternative but to cease operations which would cause immediate and irreparable harm to the Debtor's estate.

8. The Debtor does not have sufficient working capital to meet the projected expenditures set forth in the Budget without the ability to obtain Post-Petition Financing as provided for in the attached Financing Order.

9. The Lender is unwilling to provide Post-Petition Financing to the Debtor. The Debtor is unable to obtain the necessary unsecured credit allowable under Section 503 (b) (1), of the Bankruptcy Code as an administrative expense. The Debtor is unable to obtain the necessary credit other than under the terms and conditions set forth in the attached Financing Order.

10. The Debtor's need to obtain Post-Petition Financing is immediate and urgent: to maintain its operations, among other things the Debtor must meet the Notice Of Appeal, financing obligations, in order to continue the Appeal.

11. Because of the Emergency nature of the Debtor's need and request for Post-Petition Financing, the Debtor has not had sufficient time or ability to notify creditors or parties in interest other than the U.S. Trustee.

3

12. The Post-Petition Financing provided for in the attached Financing Order is necessary to avoid immediate and irreparable harm to the Debtor's estate.

**WHEREFORE**, the Debtor prays the Court to conduct an Expedited hearing on this Motion, to enter the attached Financing Order, and to grant such relief as may be appropriate.

| | |
|---|---|
| 12/11/2007 | Respectfully Submitted, |
| | */s/ Dean C. Cochran/* |
| William Neary | Dean E. Cochran/ Debtor-Appellant |
| U.S. Trustee | 9335 South Merrill Avenue |
| 227 West Monroe | Chicago, Illinois 60617 |
| Suite 3350 | (773) 731-9302 |
| Chicago, Illinois 60601 | |
| (312) 886-3320 | |

### CERTIFICATION OF SERVICE

**SERVICE OF THE FOLLOWING, MOTION FOR POST-PETITION FINANCING,** was had by delivering a true copy thereof, to the Office of the Clerk of the Bankruptcy Court, For The Northern District of Illinois, Eastern Division, Dirksen Federal Building, 219 South Dearborn Street, Room 713, Chicago, Illinois 60604, and to William Neary, U.S. Trustee, 227 West Monroe Street, Suite 3350, Chicago, Illinois 60601, all on this 11th day of December, 2007, by Debtor, Dean E. Cochran.

| | |
|---|---|
| 12/11/2007 | */s/ Dean C. Cochran/* |
| William Neary | Dean E. Cochran/ Debtor |
| U.S. Trustee | 9335 South Merrill Avenue |
| 227 West Monroe | Chicago, Illinois 60617 |
| Chicago, Illinois 60601 | (773) 731-9302 |
| (312) 886-3320 | |

4

## VERIFICATION

      **THE UNDERSIGNED,** Dean E. Cochran, being duly Sworn, states under oath that He is the Debtor-In-Possession, that he has knowledge of the representations set forth above, and that the representations are true and correct.

*/s/ Dean C. Cochran*

Sworn to and Subscribed before me, this _____ day of December, 2007.

My Commission Expires:_____

5

# FINANCING ORDER

### Exhibit (A)

IN RE:     CASE NO.: 92 B 22111

Dean E. Cochran,

**Debtor-In-Possession**

Debtor request's the Financing Order of the Lien or Collateral of the Estate as the following:

1. That on the 13th, day of, December, 2007, the Financier or the Trustee, if known, or to the Court, in request of the financing of Debtor's Estate.

2. Debtor requests the amount of $250,000.00, pending the outcome of the Complaint For Turnover of Certain Property From Defendant, and Judicial Lien, filed on December 7th, 2007, against J.P. Morgan Chase Bank, National Association, 1114 Market Street, Wheeling, W.Va. 26003. by Debtor, Dean E. Cochran.

3. That the Debtor, has a right to the Financing, payable in-full, by One Monthly Installment, payable, within 45 days, after the conclusion of Debtor's Complaint.

4. Debtor, requests to repay the amount of the Loan in one-monthly installment, plus the yearly percentage amount, divided by 12, or 1/12, of the yearly percentage, for Possessory Loans.

5. Such further relief as this Court Deems Appropriate.

1

                                                     Respectfully Submitted,

*/s/ Dean E. Cochran*
Dean E. Cochran/ Debtor-In-Possession
9335 South Merrill Avenue
Chicago, Illinois 60617
(773).731-9302


William Neary
U.S. Trustee
227 West Monroe
Suite 3350
Chicago, Illinois 60601

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:    CASE NO.: 92 B 22111

Dean E. Cochran,    Debtor,    )
                               )
            Plaintiff,         )
                               )
                               )
                               )
                               )    Chief Judge: Carol A. Doyle
                               )
                               )
                               )
Vs.                            )
                               )    William Neary
                               )    U.S. Trustee
                               )
                               )
                               )
J.P. Morgan ChaseBank, National Assoc.,    )
                               )
            Defendant,         )
                               )
SS. No.: 0949                  )

RECEIVED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
DEC 0 7 2007
KENNETH S. GARDNER, CLERK
PS REP. - SJ

"MOTION SEEKING LEAVE TO FILE PURSUANT TO ORDER OF JUDGE
ERWIN I. KATZ"

Plaintiff's Complaint For Turnover Of Certain Property
From Defenant

Motion For Redemption
B.R. 6008

1.  Debtor, Dean E. Cochran, do hereby move the Court for an Order of Court, under the authority of Fed. R. Bankr. P. 7001, B.R. 7003, to recover certain, Negotiable Instruments, Wage, Salaries, Unemployment Checks, etc., deposited, at the J. P. Morgan ChaseBank, (fka) the Wheeling National Bank, in an Unknown Account No., endorsed by Tracy Lynn Gallaway, stemming from an approximate date, (November 15th, 1976 – June 15th, 1993. By indirect inquiry the unknown account,

1

had been placed on a Judicial Lien, by the Wheeling Police, between April 5th,- June 15th, 2007. Debtor, requests an official release of this said Lien, that is now being recorded with the Bankruptcy Court, and Debtor has a right to these monetary funds, pending a final hearing and determination, of the merits in the above-entitled action, which must come to a lawful conclusion.

2. That this Court has jurisdiction under the provisions of, 28 U.S.C. Sec 1334, 151, and 157 (a).

3. That by virtue of 28 U.S.C. Sec. 157 (b), (2) (E), this is a core proceeding. See also Rule 7008 (a) F.r. Bankr. P..

4. That under the particular facts and circumstances and applicable law the Plaintiff is entitled to possession of the above-described property of the estate for "use" as contemplated in 11 U.S.C. Sec. 363, and 11 U.S.C.A. Sec. 522 (d) (10) (A).

5. Defendant is in possession of several various Negotiable Instruments, from, a number of previous employers, in addition to Unemployment Checks, from the West Virginia Department of Employment Services, the Ohio Bureau of Employment Services, and the Illinois Department of Employment Services, stated herein.

6. Defendant, is in possession of a numerous amount of Negotiable Instruments, in the approximate amount of $700,000,000.00, **(Seven-Hundred Million Dollars)**, in addition to interest at the approximate rate of 5.25% p/y.

7. Grounds exist for an Order of the court, pursuant to Bankruptcy Code Sec, 542 (a), requiring the Defendant to promptly deliver the Property to the Debtor, an to account for the Property or the value of the Property

2

**Wherefore**, Debtor, Dean E. Cochran prays this Honorable Court for an issuance of Injunctive Relief in reference to 11 U.S.C.A. Sec. 362 (a), (3), pertaining to the assets or possession of the assets of the estate of the Debtor.

1. An Order of the Court compelling the Defendant, by a ate certain, preferably within 5 business Days, to promptly deliver the Money or Property to the Debtor and to account for the Property or the value of the Property, by direct delivery, or to the Clerk of Court's Office of the U.S. Bankruptcy Court, Dirksen Federal Building, 219 South Dearborn Street, Room 713, Chicago, Illinois 60604, at a date specified by the Court. [OR]

2. An Order of the Court compelling the Defendant, to respond to the Motion, by a date certain, preferably within 10 days, by an Expedited Pleading, accruing after the filing of this Motion.

3. Judgment in favor of the Debtor, against the Defendant for any damages or losses suffered by the Debtor as a result of the Defendant's retention of the Property and failure to deliver the Property to the Debtor in violation of Bankruptcy Code Sec. 542 (a).

4. Such further relief as the Court deems approximate.

12/7/2007

Respectfully Submitted,

*Dean C. Cochran*

J. P. Morgan ChaseBank
National Association
1114 Market Street
Wheeling, W.Va. 26003
(304) 234-4113

Dean E. Cochran/ Debtor-Plaintiff
9335 South Merrill Avenue
Chicago, Illinois 60617
(773) 731-9302

**CERTIFICATE OF SERVICE**

3

SERVICE OF THE FOLLOWING, "MOTION SEEKING LEAVE TO FILE PURSUANT TO ORDER OF JUDGE ERWIN I. KATZ", was had by delivering a true copy thereof, to the above-stated party, at their last known address, and to the Clerk of Court of the U.S. Bankruptcy Court, Dirksen Federal Building, 219 South Dearborn Street, Room 713, Chicago, Illinois 60604, and William Neary, U.S. Trustee, 227 West Monroe, Suite 3350, Chicago, Illinois 60601, all on this 7th day of , December, 2007, by Debtor, Dean E. Cochran.

12/7/2007

Respectfully Submitted,

*/s/ Dean E. Cochran*

Dean E. Cochran/ Debtor-Plaintiff
9335 South Merrill Avenue
Chicago, Illinois 60617
(773) 731-9302

J. P. Morgan ChaseBank
National Association
1114 Market Street
Wheeling, W.Va. 26003
(304 234-4113

William Neary
U.S. Trustee
227 West Monroe
Suite 3350
Chicago, Illinois 60601
(312) 886-3320

4