Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6974 | DATE | 1/15/2008 |
| CASE TITLE | In Re: Dean Cochran | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Appellant's motion for a rehearing [18], [19] are denied. All pending motions are hereby stricken as moot.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    This matter is before the Court on Appellant Dean E. Cochran's ("Cochran") motion for rehearing on appeal. Cochran filed an appeal from the United States Bankruptcy Court for the Northern District of Illinois on December 12, 2007. On January 8, 2008, we dismissed Cochran's appeal for failing to serve and file an appellant's brief with the district court within 15 days after entry of the appeal on the docket. On January 11, 2008, Cochran filed the instant motion for rehearing on appeal pursuant to Federal Rule of Bankruptcy Procedure 8015.

    We first note that Cochran addresses his motion to the "Bankruptcy Appellate Panel." While several other Circuits employ bankruptcy appellate panels, no such panel exists in the Seventh Circuit. *See* 28 U.S.C. § 158 (stating that bankruptcy appellate panels are established on a circuit by circuit basis). However, since Cochran is a *pro se* appellant we will liberally construe his pleadings as filed and addressed to this court. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)(noting that the pleadings of a *pro se* plaintiff are held to "less stingent standards than formal pleadings drafted by lawyers").

    In the instant motion, Cochran asserts that he filed a "Motion for Order Extending Time for Filing &

## STATEMENT

Serving of Brief" on December 14, 2007. However, the docket reveals that no such motion was filed in this court. *Pro se* motions, while entitled to deference, cannot be considered by any standard if they are not filed at all. As of the date of this order, the docket reflects no motion for an extension of time, nor has Cochran filed his appellant's brief, which was due December 27, 2007. Cochran does not argue that his alleged motion for an extension was properly filed in this court or that it was granted prior to the exhaustion of the statutorily prescribed time period to file an appellant's brief. Cochran has not otherwise demonstrated that this court erred in dismissing his appeal pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1). Cochran has not presented any other arguments or evidence that would warrant the granting of his motion for rehearing. Therefore, based on the reasons stated above, we deny Cochran's motions.