

10/10/2007

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

FILED
J.N FEB X 5 2008
FEB 5 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN FORMA PAUPERIS APPLICATION
AND
FINANCIAL AFFIDAVIT**

DEAN C. COCHRAN
Plaintiff

v.

UNITED BANK ET AL.
Defendant(s)

CASE NUMBER 07 CV 6974

JUDGE DER-YEGHIAYAN

*Wherever ☐ is included, please place an X into whichever box applies. Wherever the answer to any question requires more information than the space that is provided, attach one or more pages that refer to each such question number and provide the additional information. Please PRINT:*

I, DEAN C. COCHRAN, declare that I am the ☒plaintiff ☐petitioner ☐movant (other_____) in the above-entitled case. This affidavit constitutes my application ☒ to proceed without full prepayment of fees, or ☐ in support of my motion for appointment of counsel, or ☐ both. I also declare that I am unable to pay the costs of these proceedings, and that I am entitled to the relief sought in the complaint/petition/motion/appeal. In support of this petition/application/motion/appeal, I answer the following questions <u>under penalty of perjury</u>:

1. Are you currently incarcerated? ☐Yes ☒No (If "No," go to Question 2)
   I.D. #_____ Name of prison or jail:_____
   Do you receive any payment from the institution? ☐Yes ☒No Monthly amount:____

2. Are you currently employed? ☐Yes ☒No
   Monthly salary or wages:____
   Name and address of employer:____

   a. If the answer is "No":
      Date of last employment: 7-1-91 — 11-28-91
      Monthly salary or wages: 800.00 P.M.
      Name and address of last employer: US POSTAL SERVICE 2300 SOUTH PULASKI AVE. CHICAGO, ILL 60623

   b. Are you married? ☐Yes ☒No
      Spouse's monthly salary or wages:____
      Name and address of employer:____

3. Apart from your income stated above in response to Question 2, in the past twelve months have you or anyone else living at the same residence received more than $200 from any of the following sources? *Mark an X in either "Yes" or "No", and then check all boxes that apply in each category.*

   a. Salary or wages ☐Yes ☒No
      Amount____ Received by____

b. ☐ Business, ☐ profession or ☐ other self-employment　　☐Yes　　☒No
Amount _____ Received by _____

c. ☐ Rent payments, ☐ interest or ☐ dividends　　☐Yes　　☒No
Amount _____ Received by _____

d. ☐ Pensions, ☒ social security, ☐ annuities, ☐ life insurance, ☐ disability, ☐ workers' compensation, ☐ unemployment, ☒ welfare, ☐ alimony or maintenance or ☐ child support
　　☐Yes　　☐No
Amount $747.00 P.Y. Received by MYSELF
$480.00 - PUBLIC AID
e. ☐ Gifts or ☐ inheritances　　☐Yes　　☒No
Amount _____ Received by _____

f. ☐ Any other sources (state source: _____ )　　☐Yes　　☒No
Amount _____ Received by _____

4. Do you or anyone else living at the same residence have more than $200 in cash or checking or savings accounts?　　☒Yes　　☐No　　Total amount: $260.00
In whose name held: SIDNEY COLLINS　Relationship to you: MOTHER

5. Do you or anyone else living at the same residence own any stocks, bonds, securities or other financial instruments?　　☐Yes　　☒No
Property: _____ Current Value: _____
In whose name held: _____ Relationship to you: _____

6. Do you or anyone else living at the same residence own any real estate (houses, apartments, condominiums, cooperatives, two-flats, three-flats, etc.)?　　☐Yes　　☒No
Address of property: _____
Type of property: _____ Current value: _____
In whose name held: _____ Relationship to you: _____
Amount of monthly mortgage or loan payments: _____
Name of person making payments: _____

7. Do you or anyone else living at the same residence own any automobiles, boats, trailers, mobile homes or other items of personal property with a current market value of more than $1000?
　　☐Yes　　☒No
Property: _____
Current value: _____
In whose name held: _____ Relationship to you: _____

8. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute monthly to their support. If none, check here ☒ No dependents

I declare under penalty of perjury that the above information is true and correct. I understand that pursuant to 28 U.S.C. § 1915(e)(2)(A), the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.

Date: 2-5-08

_____
Signature of Applicant

DEAN E. COCHRAN
(Print Name)

---

**NOTICE TO PRISONERS:** A prisoner must also attach a statement certified by the appropriate institutional officer or officers showing all receipts, expenditures and balances during the last six months in the prisoner's prison or jail trust fund accounts. Because the law requires information as to such accounts covering a full six months before you have filed your lawsuit, you must attach a sheet covering transactions in your own account--prepared by each institution where you have been in custody during that six-month period--and you must also have the Certificate below completed by an authorized officer at each institution.

### CERTIFICATE
(Incarcerated applicants only)
(To be completed by the institution of incarceration)

I certify that the applicant named herein, _____, I.D.# _____, has the sum of $_____ on account to his/her credit at (name of institution)_____.
I further certify that the applicant has the following securities to his/her credit: _____. I further certify that during the past six months the applicant's average monthly deposit was $_____.
(Add all deposits from all sources and then divide by number of months).

_____        _____
            DATE                                        SIGNATURE OF AUTHORIZED OFFICER

                                                        _____
                                                                  (Print name)

rev. 10/10/2007

**United States District Court, Northern District of Illinois**

| Name of Assigned Judge or Magistrate Judge | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6974 | **DATE** | 1/15/2008 |
| **CASE TITLE** |  | In Re: Dean Cochran | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Appellant's motion for a rehearing [18], [19] are denied. All pending motions are hereby stricken as moot.

Docketing to mail notices.

■ [ For further details see text below.]

### STATEMENT

This matter is before the Court on Appellant Dean E. Cochran's ("Cochran") motion for rehearing on appeal. Cochran filed an appeal from the United States Bankruptcy Court for the Northern District of Illinois on December 12, 2007. On January 8, 2008, we dismissed Cochran's appeal for failing to serve and file an appellant's brief with the district court within 15 days after entry of the appeal on the docket. On January 11, 2008, Cochran filed the instant motion for rehearing on appeal pursuant to Federal Rule of Bankruptcy Procedure 8015.

We first note that Cochran addresses his motion to the "Bankruptcy Appellate Panel." While several other Circuits employ bankruptcy appellate panels, no such panel exists in the Seventh Circuit. *See* 28 U.S.C. § 158 (stating that bankruptcy appellate panels are established on a circuit by circuit basis). However, since Cochran is a *pro se* appellant we will liberally construe his pleadings as filed and addressed to this court. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)(noting that the pleadings of a *pro se* plaintiff are held to "less stingent standards than formal pleadings drafted by lawyers").

In the instant motion, Cochran asserts that he filed a "Motion for Order Extending Time for Filing &

## STATEMENT

Serving of Brief" on December 14, 2007. However, the docket reveals that no such motion was filed in this court. *Pro se* motions, while entitled to deference, cannot be considered by any standard if they are not filed at all. As of the date of this order, the docket reflects no motion for an extension of time, nor has Cochran filed his appellant's brief, which was due December 27, 2007. Cochran does not argue that his alleged motion for an extension was properly filed in this court or that it was granted prior to the exhaustion of the statutorily prescribed time period to file an appellant's brief. Cochran has not otherwise demonstrated that this court erred in dismissing his appeal pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1). Cochran has not presented any other arguments or evidence that would warrant the granting of his motion for rehearing. Therefore, based on the reasons stated above, we deny Cochran's motions.

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6974 | DATE | 1/8/2008 |
| CASE TITLE | In Re: Dean E Cochran | | |

**DOCKET ENTRY TEXT**

This matter is before the Court on an appeal from the United States Bankruptcy Court for the Northern District of Illinois. Pursuant to Federal Rule of Bankruptcy Procedure 8009, an appellant must serve and file an appellant's brief with the district court within 15 days after entry of the appeal on the docket. In the instant action, the appeal was docketed on December 12, 2007. Appellant has not filed an appellant's brief and the deadline has passed. We note that on December 20, 2007, Appellant filed a motion in this court relating to another order of the Bankruptcy Court. However, such motion does not constitute an appellant's brief in this action. Since Appellant has failed to file an appellant's brief within the 15 days mandated by the Federal Rules of Bankruptcy Procedure, Appellant's appeal is dismissed. All pending motions are denied as moot.

Docketing to mail notices.

| | Courtroom Deputy Initials: | maw |
|---|---|---|

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6974 | DATE | 2/5/2008 |
| CASE TITLE | In Re: Dean E Cochran | | |

**DOCKET ENTRY TEXT**

As stated below, the instant appeal was dismissed and since we denied rehearing, pursuant to Federal Rule of Bankruptcy Procedure 8015, we strike all outstanding motions [28], [29], [45] and documents filed by Appellant as moot.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Appellant Dean E. Cochran's ("Cochran") motion for stay of judgment, motion for disqualification, and other motions. Cochran is a restricted filer in the bankruptcy court for the Northern District of Illinois, pursuant to an order of Judge Erwin I. Katz on December 22, 1998 ("Judge Katz Order"), enjoining Cochran and anyone acting on his behalf from filing any legal documents in his bankruptcy case without first obtaining leave of court. Beginning on July 19, 2007, Cochran sought leave to file motions in his bankruptcy case on more than twenty occasions and on each occasion the bankruptcy judge denied Cochran leave to file since Cochran's motions were frivolous on their face. On November 29, 2007, the bankruptcy court granted leave for Cochran to file an appeal from several orders by the bankruptcy court.

On December 12, 2007, Cochran filed the instant appeal. On January 8, 2008, we dismissed Cochran's appeal pursuant to Federal Rule of Bankruptcy Procedure 8009, since Cochran failed to file an appellant's brief within the statutory period. Fed. R. Bankr. P. 8009. Cochran filed a motion for rehearing, pursuant to Federal Rule of Bankruptcy Procedure 8015, which we also denied, noting that Cochran still had not filed his appellant's brief and had not been granted an extension of time to file his appellant's brief. On

07C6974 In Re: Dean E Cochran   Page 1 of 3

## STATEMENT

January 15, 2008, the clerk of the bankruptcy court supplemented the record in this case with a motion filed by Cochran requesting an extension to file his appellant's brief. That motion was filed with the clerk of the bankruptcy court rather than in district court as is required under the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 8011.

Despite the fact that this court has denied a rehearing and Cochran's appeal was terminated, Cochran has filed numerous other motions with this court including a motion for disqualification, in which Cochran alleges he "has reason to believe, that the presiding Judge is a possible interloper, and individual in Usurption [sic] of Publlic [sic] Office [sic]. . . ." (Mot. 2). First, Cochran's motion for recusal does not provide a valid basis for recusal. Cochran's motion for recusal also is improper since this case is no longer proceeding before this court. We also note that Cochran requests a recusal merely because the court did not rule in his favor, which is not a proper basis for recusal.

We properly dismissed Cochran's appeal for failing to file his appellant's brief pursuant to Federal Rule of Bankruptcy Procedure 8009 and we denied Cochran's motion for rehearing brought pursuant to Federal Rule of Bankruptcy Procedure 8015. Notwithstanding the fact that Cochran filed a motion for extension of time to file his appellant's brief with the clerk of the bankruptcy court, Cochran was never granted such an extension by any court and was obligated under Federal Rule of Bankruptcy Procedure 8009 to file his appellant's brief in a timely fashion. Fed. R. Bankr. P. 8009.

Furthermore, a review of the orders by the bankruptcy court, from which Cochran has appealed, reveals that the bankruptcy court did not abuse discretion or otherwise commit any error. A district court has jurisdiction to hear appeals from the rulings of a bankruptcy court pursuant to 28 U.S.C. § 158(a). Pursuant to Federal Rule of Bankruptcy Procedure 8013, "[o]n an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Id.* However, a district court reviews the bankruptcy court's legal findings under the *de novo* standard. *In re A-1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997). Further, the United States Court of Appeals for the Seventh Circuit has stated

| STATEMENT |
|---|

"[a] bankruptcy court's refusal to consider a claim will be over-turned 'only in extreme cases, when the bankruptcy court has abused its discretion.'" *In re Boone County Utilities, LLC*, 506 F.3d 541, 542 (7th Cir. 2007)(quoting in part *in re Kmart Corp.*, 381 F.3d 709, 712 (7th Cir. 2004)).

The bankruptcy court denied Cochran leave to file motions since those motions were frivolous on their face. We have reviewed the motions Cochran proposed to file in his case as well as the orders issued by the bankruptcy court and we find that the bankruptcy court did not abuse its discretion or commit error. Therefore, even if Cochran had followed the Federal Rules of Bankruptcy Procedure, his appeal lacks any merit.

Since the instant appeal was dismissed and since we denied rehearing, pursuant to Federal Rule of Bankruptcy Procedure 8015, we deny the motion for stay of judgment and we strike all outstanding motions and documents filed by Cochran as moot.

F O D   DEC 23 1998

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DEAN COCHRAN, | ) | 92 B 22111 |
| | ) | |
| Debtor. | ) | Honorable Erwin I. Katz |
| | ) | |

## ORDER BARRING FURTHER PLEADINGS IN BANKRUPTCY PROCEEDING 92B22111 BY DEBTOR DEAN COCHRAN WITHOUT LEAVE OF COURT

FOR THE REASONS STATED, in that the above-captioned proceeding has been closed effective April 15, 1994, and the Debtor Dean Cochran has filed not less than seven (7) requests to reopen said proceeding which have been denied and /or stricken by this Court, and the Debtor Dean Cochran continues to file documents requesting relief from the Court in this closed proceeding;

(1) IT IS HEREBY ORDERED THAT the Debtor Dean Cochran, or anyone acting on his behalf, is hereby enjoined from filing any legal documents, in the form of a motion, adversary complaint, proof of claim, subpoena, or otherwise, in Bankruptcy Proceeding 92B22111, without first obtaining leave of Court by way of the following procedures:

  a) Any documents that Mr. Cochran, or anyone acting on his behalf, wishes to proffer for filing shall be delivered to Room 710, Office of the Clerk of the United States Bankruptcy Court, 219 S. Dearborn, Chicago, IL 60604. Only the Clerk or such deputy clerks as are specially designated by the Clerk may accept such documents;

  b) When Mr. Cochran, or anyone acting on his behalf, seeks to proffer any document in Bankruptcy Proceeding 92B22111, it shall be accompanied by a Motion captioned "Motion seeking Leave to File Pursuant to Order of Judge Erwin I. Katz." This Motion, in addition to requesting leave to file the accompanying documents, shall include a sworn certificate of service

1

reflecting service on the United States Trustee, Ira Bodenstein, 227 W. Monroe, Suite 3350 Chicago, IL 60601, and any parties whose rights might be affected by the document which Mr. Cochran is seeking leave to file. In addition to serving the Motion for Leave, Mr. Cochran must include a copy of this Order with the documents served on the parties named above; and

c) Whenever Mr. Cochran proffers a document for filing, the Clerk or designated deputy shall accept the papers, stamp them "Received," docket them in the miscellaneous file discussed below, and forward them to Bankruptcy Judge Katz. The documents shall not be "Filed" without further order of Court.

**2. IT IS FURTHER ORDERED THAT** Bankruptcy Judge Katz will examine any documents proffered by or on behalf of Mr. Cochran to determine whether or not they should be filed. If the Court enters an order denying leave to file any documents, the Clerk shall retain the order and a copy of the documents in the miscellaneous file and cause a copy of the order to be mailed to Mr. Cochran. If the Court enters an order granting leave to file the documents, the Clerk will cause the materials to be stamped filed as of the date of the order and shall cause a copy of the order to be mailed to Mr. Cochran.

**3. IT IS FURTHER ORDERED** that any person served by Mr. Cochran with documents in Bankruptcy Proceeding #92B22111 need not file any type of responsive pleading until further order of this Court ordering them to respond.

**4. IT IS FURTHER ORDERED** that the Clerk shall cause to be created and maintained a miscellaneous file with the title <u>In re Dean Cochran</u> and case number 92B22111. This miscellaneous file shall serve as the repository of this Order and all documents proffered for filing by Mr. Cochran covered by the terms of this Order for which authority to file is not granted. The Clerk will also maintain a miscellaneous docket associated with this file. All orders retained in the miscellaneous file will be entered on that docket following standard docketing procedures. A brief entry will be made on the docket indicating the receipt of any materials from Mr. Cochran.

**5. IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Mr. Cochran. Such mailing shall be by both regular and certified or registered mail, return receipt requested.

6. IT IS FURTHER ORDERED THAT Mr. Cochran's failure to comply with this Order may, within the discretion of the Court, result in his being held in contempt of Court and punished accordingly.

7. IT IS FURTHER ORDERED THAT Mr. Cochran is hereby granted leave of Court to file any documents necessary to effectuate an appeal of this order.

ENTER:

Dated: December 22, 1998

ERWIN I. KATZ
United States Bankruptcy Judge