# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6974 | **DATE** | 2/5/2008 |
| **CASE TITLE** | In Re: Dean E Cochran | | |

**DOCKET ENTRY TEXT**

As stated below, the instant appeal was dismissed and since we denied rehearing, pursuant to Federal Rule of Bankruptcy Procedure 8015, we strike all outstanding motions [28], [29], [45] and documents filed by Appellant as moot.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

   This matter is before the court on Appellant Dean E. Cochran's ("Cochran") motion for stay of judgment, motion for disqualification, and other motions. Cochran is a restricted filer in the bankruptcy court for the Northern District of Illinois, pursuant to an order of Judge Erwin I. Katz on December 22, 1998 ("Judge Katz Order"), enjoining Cochran and anyone acting on his behalf from filing any legal documents in his bankruptcy case without first obtaining leave of court. Beginning on July 19, 2007, Cochran sought leave to file motions in his bankruptcy case on more than twenty occasions and on each occasion the bankruptcy judge denied Cochran leave to file since Cochran's motions were frivolous on their face. On November 29, 2007, the bankruptcy court granted leave for Cochran to file an appeal from several orders by the bankruptcy court.

   On December 12, 2007, Cochran filed the instant appeal. On January 8, 2008, we dismissed Cochran's appeal pursuant to Federal Rule of Bankruptcy Procedure 8009, since Cochran failed to file an appellant's brief within the statutory period. Fed. R. Bankr. P. 8009. Cochran filed a motion for rehearing, pursuant to Federal Rule of Bankruptcy Procedure 8015, which we also denied, noting that Cochran still had not filed his appellant's brief and had not been granted an extension of time to file his appellant's brief. On

**STATEMENT**

January 15, 2008, the clerk of the bankruptcy court supplemented the record in this case with a motion filed by Cochran requesting an extension to file his appellant's brief. That motion was filed with the clerk of the bankruptcy court rather than in district court as is required under the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 8011.

Despite the fact that this court has denied a rehearing and Cochran's appeal was terminated, Cochran has filed numerous other motions with this court including a motion for disqualification, in which Cochran alleges he "has reason to believe, that the presiding Judge is a possible interloper, and individual in Usurption [sic] of Publlic [sic] Office [sic]. . . ." (Mot. 2). First, Cochran's motion for recusal does not provide a valid basis for recusal. Cochran's motion for recusal also is improper since this case is no longer proceeding before this court. We also note that Cochran requests a recusal merely because the court did not rule in his favor, which is not a proper basis for recusal.

We properly dismissed Cochran's appeal for failing to file his appellant's brief pursuant to Federal Rule of Bankruptcy Procedure 8009 and we denied Cochran's motion for rehearing brought pursuant to Federal Rule of Bankruptcy Procedure 8015. Notwithstanding the fact that Cochran filed a motion for extension of time to file his appellant's brief with the clerk of the bankruptcy court, Cochran was never granted such an extension by any court and was obligated under Federal Rule of Bankruptcy Procedure 8009 to file his appellant's brief in a timely fashion. Fed. R. Bankr. P. 8009.

Furthermore, a review of the orders by the bankruptcy court, from which Cochran has appealed, reveals that the bankruptcy court did not abuse discretion or otherwise commit any error. A district court has jurisdiction to hear appeals from the rulings of a bankruptcy court pursuant to 28 U.S.C. § 158(a). Pursuant to Federal Rule of Bankruptcy Procedure 8013, "[o]n an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Id.* However, a district court reviews the bankruptcy court's legal findings under the *de novo* standard. *In re A-1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997). Further, the United States Court of Appeals for the Seventh Circuit has stated

**STATEMENT**

"[a] bankruptcy court's refusal to consider a claim will be over-turned 'only in extreme cases, when the bankruptcy court has abused its discretion.'" *In re Boone County Utilities, LLC*, 506 F.3d 541, 542 (7th Cir. 2007)(quoting in part *in re Kmart Corp.*, 381 F.3d 709, 712 (7th Cir. 2004)).

The bankruptcy court denied Cochran leave to file motions since those motions were frivolous on their face. We have reviewed the motions Cochran proposed to file in his case as well as the orders issued by the bankruptcy court and we find that the bankruptcy court did not abuse its discretion or commit error. Therefore, even if Cochran had followed the Federal Rules of Bankruptcy Procedure, his appeal lacks any merit.

Since the instant appeal was dismissed and since we denied rehearing, pursuant to Federal Rule of Bankruptcy Procedure 8015, we deny the motion for stay of judgment and we strike all outstanding motions and documents filed by Cochran as moot.